JAS. COBB *v.* CALVIN DENTON *et als.*

1. CHARITY. *What may and may not be the object of a valid devise.* A voluntary association cannot be the object of a valid devise, but if made to trustees for the benefit of such association it will be upheld and executed.

 Cases cited: Green *v.* Allen, 5 Hum., 170; Dickson *v.* Montgomery, 1 Swan, 348; Gass *v.* Ross, 3 Sneed, 211.

2. WILL. *Last clause in must control. When.* Where a devise in the body of the will is inconsistent with the disposition of the property in the codicil thereto, the latter, as expressing the last intention of the testator, must prevail.

FROM POLK.

From the Chancery Court at Benton.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

The question in this case is, whether a devise in the will of John Tuoony to the Friendship Church in Polk county, Tennessee, is valid. The will was made on the 26th of August, 1876. In the first item the testator says: "I do hereby will and bequeath all the right, title, and interest that I have in and to certain lands in county and State aforesaid, to-wit: The homestead or Conisugua Place, being the land on which I now live, containing ninety acres, more or less." Second item: "I also will to aforesaid church all notes that may be due me, after deducting suffi-

cient for funeral expenses." Third item: "I also will and bequeath to said church my cotton gin, lot, and house, together with all appurtenances thereto belonging." Fourth item: After providing for sale of live stock, etc., and applying proceeds to certain legacies, he bequeaths the residue thereof "to aforesaid Friendship Church." Sixth item: He appoints as executors of his will Rev. Calvin Denton. and four others, enjoining upon them to see that the premises of his will in spirit be carried out according to the letter, and he requests his executors to purchase ground to enlarge the limits of Friendship graveyard. Of the same date of the will he made this codicil: "I desire aforementioned executors to either sell or rent said lands, as they may deem best; in either event only interest or rent to be used, the principal to be retained inviolate, and proceeds to be used, first, by employing and paying a competent minister for said church," etc.

It is manifest, on the face of the will, that Friendship Church was the object of testator's bounty, but it is conceded that Friendship Church is not incorporated, but it is a voluntary association. It is clear, therefore, that as such voluntary association it cannot be the object of a valid devise: *Green* v. *Allen*, 5 Hum., 170.

But it is well settled that the devise will be upheld and executed if it is made to trustees for the benefit of a voluntary association: *Dickson* v. *Montgomery*, 1 Swan, 348.

The intention of the testator, as expressed in the will, taken together, must govern in its construction.

Cobb *v.* Denton.

The body of the will and the codicil are to be taken as constituting testator's will, and in ascertaining testator's intention, both are to be looked to : 1 Williams' Executors, 8; 4 Kent, 531.

The intention to make the devise of the lands directly to the church is clearly expressed in the body of .the will.   But if it was the intention of the testator, in adding to the will the codicil, to make the devise to his executors, 'for the benefit of the church, then this intention, being in conflict with his intention as expressed in the body of the will, must prevail.   By the language of the codicil the executors are authorized and impowered to sell or rent the land in their discretion.   Whether they rent or sell, the property devised, or the proceeds if sold, to be held inviolate as a fund, the rents or interest alone being subject to be applied to the definite objects enumerated.

We are of opinion that this language communicates to the executors the title of the property as trustees, and this, being inconsistent with the devise in the body of the will, it must prevail as the last expressed intention of the testator.   As already stated, such a devise is valid, and will be upheld by a Court of Chancery : *Gass* v. *Ross,* 3 Sneed, 211.

The decree of the Chancellor is reversed, and the cause remanded.   The costs of the court will be paid by complainant.